RECEIVED
IN LAKE CHARLES, LA
MAR 0 8 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DONALD R. HARMON, JR. And LADONYA NICOLE FRANK HARMON | : | DOCKET NO. 2:08 cv 276 |
| VS. | : | JUDGE MINALDI |
| MICHAEL TERRY WOODS, MACQUELINE ANN WOODS and PHH MORTGAGE CORP., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 49] filed by defendants Tim Castle and Castle Real Estate (collectively "Castle"). No Opposition was timely filed.[1]

The plaintiffs allege that Tim Castle and Castle Real Estate are jointly, severally and solidarily liable to the plaintiffs under the theory of redhibition. The defendants argue that they are not liable under Louisiana law as a claim for redhibition can only be maintained against the seller of the thing sold.

### Facts

The plaintiffs, Donald R. Harmon, Jr. and Ladonya Nicole Frank Harmon, filed a Petition for Rescission of Sale and in Redhibition on February 2, 2008 in the Fourteenth Judicial District Court of Calcasieu Parish, Louisiana. The plaintiffs named as original defendants Michael Terry Woods, Macqueline Ann Woods, and PHH Mortgage Corporation. The Petition states that on or

---

[1] The Motion to Dismiss was filed January 7, 2010. Any opposition would have been due on or before January 28, 2010. No opposition was filed.

about April 27, 2007, defendants, Michael Terry Woods and Macqueline Ann Woods, sold the plaintiffs a home located at 6671 Corbina Road, Lake Charles, Calcasieu Parish, Louisiana.

All of the allegations in the original petition are based on: (1) the existence of defects which they claim were present in the home at the time of the sale and (2) the sellers' knowledge of such defects at the time of the sale. The only theory of recovery expressed in plaintiffs' Petition is that relief should be granted to them pursuant to the Louisiana law of redhibition. [Petition, ¶ 9]

On February 27, 2008, this suit was removed to federal court by defendant, PHH Mortgage Corporation. On February 12, 2009, plaintiffs amended their petition to join Tim Castle and Castle Real Estate, Inc. as defendants along with ONOB, Inc. d/b/a Century 21 Mike D. Bono & Co.'s and Jeff Swiniarski.

In the Supplemental and Amended Complaint, the plaintiffs made no additional factual allegations nor proposed any theories of recovery not found in the original Petition. Castle argues that because neither the original Petition nor the Supplemental and Amending Complaint allege that Tim Castle or Castle Real Estate, Inc. is the seller of the subject property, the plaintiffs cannot pursue redhibition against them.

## Rule 12(b)(6) Standard

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual

allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## Rule 12(c) Standard

To survive a Rule 12(c) motion, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007)); *see also In re Katrina Canal Breaches Litig.,* 495 F.3d at 205 (stating that the standard for a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has failed to show that he "is entitled to relief," and dismissal is appropriate. *Iqbal,* 129 S.Ct. at 1950; *Hole v. Texas A&M University,* 2010 WL 148656, 2 (5th Cir. 2010).

## Law and Analysis

Castle submits that only a seller may be sued in redhibition. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless or its use so inconvenient and imperfect that had he known of the vice, the buyer would not have purchased it. La. C.C. art. 2520. The seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things. La. C.C. art. 2521; *Duplechin v. Adams,* 95-0480 (La.App. 1 Cir. 11/9/95), 665 So.2d 80, *writ denied,* 95-2918 (La.2/26/96), 666 So.2d 1104.

A realtor or broker has a duty to disclose to purchasers any defect of which she has knowledge. *Nesbitt v. Dunn*, 28,240 (La.App. 2 Cir. 4/3/96), 672 So.2d 226, and citations therein; *Sitter v. Warner*, 961 So.2d 1258, 1262, 42,169, 7 (La.App. 2 Cir., 2007). A purchaser's remedy against a realtor, however, is in damages for fraud, under La. C.C. art. 1953, et seq., or for negligent misrepresentation under La. C.C. art. 2315. *Smith v. Remodeling Service, Inc.*, 94-589 (La.App. 5 Cir. 12/14/94), 648 So.2d 995. Accordingly, we find no merit in the plaintiffs' assertion that Castle should be held liable *in solido* with the venders in redhibition. *Connell v. Davis*, 940 So.2d 195, 205 (La.App. 5 Cir., 2006) The Motion to Dismiss will be granted.

Lake Charles, Louisiana, this __8__ day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4